UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN KRESS, BILLY FORD, ERIC STAGGS, TIMOTHY-PATRICK:TREACY, RANDY CARR, on their own behalf and on behalf of a class of those similarly situated, </br></br>          Plaintiffs, </br></br>  v. </br></br> CCA OF TENNESSEE, LLC d/b/a CORRECTIONS CORPORATION OF AMERICA, WARDEN JEFF CONWAY, NEIL PROBST, TIMOTHY LITTLE, VIRGINIA LEE, and MARION COUNTY SHERIFF FRANK ANDERSON, </br></br>          Defendants. | CASE NO. 1:08-cv-0431-DFH-TAB |

ENTRY ON PLAINTIFFS' MOTION TO CERTIFY STATE LAW QUESTIONS

The plaintiffs in this case have moved to certify two questions of state law to the Indiana Supreme Court. For the reasons set forth below, the plaintiffs' motion to certify is denied.

Plaintiffs Alan Kress, Billy Ford, Eric Staggs, Timothy-Patrick:Treacy, and Randy Carr filed this action against CCA of Tennessee, LLC, Warden Jeff Conway, Neil Probst, Timothy Little, Virginia Lee, and Marion County Sheriff Frank Anderson. Plaintiffs assert several claims related to the treatment and conditions they allege they have suffered in "Jail #2," a Marion County jail managed by

defendant CCA under a contract with Marion County. Among their claims, the plaintiffs allege violations of federal and state law related to CCA's alleged mishandling of Jail # 2 inmate mail and CCA's alleged refusal to properly process or respond to Jail # 2 inmate grievances, which can be essential to an inmate's ability to have a federal court hear any claims for federal constitutional violations. See 42 U.S.C. § 1997e(a) (requiring exhaustion of available administrative remedies before suit is brought by prisoner with respect to prison conditions).

    The two questions the plaintiffs wish to be certified are:

(1)    May a private jail company, such as CCA, adopt and enforce an inmate grievance policy that does not comply with Indiana law, in particular 210 Ind. Admin. Code § 3-1-15(h)? and

(2)    May a private jail company, such as CCA, adopt and enforce a mail handling policy that does not comply with Indiana law, in particular 210 Ind. Admin. Code § 3-1-16?

Dkt. 38. These questions track issues raised in the Amended Complaint. In Count Six, the plaintiffs allege that "CCA's creation of its own grievance process, including the creation of an 'informal' process inmates must go through prior to filing a grievance, violates Indiana law, in particular 210 IAC 3-1-15(h)" and "the refusal of CCA to process grievances at the Jail # 2 facility, including the failure to put responses to those grievances in writing, violates Indiana law, in particular, 210 IAC 3-1-15(h) as well as CCA's own grievance process." Complaint ¶¶ 89-90. In Count Eight, the plaintiffs allege that "by not allowing inmates at the Jail # 2 facility to receive and send personal and legal mail, or delaying that mail, CCA

violated 210 IAC 3-1-16. Further, CCA violated its own policies regarding the handling of mail." Complaint ¶ 92.

Indiana Rule of Appellate Procedure 64 provides that a federal district court sitting in Indiana may certify a question of Indiana law to the Indiana Supreme Court "when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent."

Certification can be a useful procedure, but one that often carries with it substantial costs and delays. The Seventh Circuit has set out a number of factors that federal courts should consider to determine whether to refer a question to the state's highest court:

> First, we said that the federal court ought to weigh the degree of uncertainty that exists on the state law issue. We noted that, in the past, our cases have directed that a court also consider whether the issue presents a matter of public concern, whether the issue is likely to recur, whether the issue is outcome determinative, and whether the state supreme court has had an opportunity to address the issue in other cases. We must also consider whether the supreme court of the state would consider the issue an important one in the growth of the state's jurisprudence and whether resolution of the issue definitively will benefit future litigants or will almost exclusively affect the citizens of the state. Notably, we also said that, in determining whether an intrusion on the time of our colleagues on the state court is justifiable, we shall be more inclined to certify the question when the intermediate courts of the state are in disagreement on the issue or the issue is one of first impression for the court of last resort. On the other hand, we have said that fact specific issues, as well as issues upon which there is no serious doubt or that are not dispositive of the case, are not candidates for certification.

*Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 638-39 (7th Cir. 2002) (internal citations omitted); citing *State Farm Mutual Automobile Ins. Co. v. Pate*, 275 F.3d 666, 671-72 (7th Cir. 2001). As the *Pate* court stated, "these factors insure that federal courts will not overburden state courts with requests for certification when what is required is not the promulgation of new law but rather, the exercise of a court's judgment." *Pate*, 275 F.3d at 672.[1]

### *Certainty of Relevant Indiana Law*

The defendants point out that courts in this district have consistently held on the merits of similar cases that inmates do not have private causes of action for alleged violations of any Indiana Jail Standards set forth in Title 210 of the Indiana Administrative Code. In *Malone v. Becher*, 2003 WL 22080737, *20 (S. D. Ind. Aug. 29, 2003), this court found that, "as a general rule, a state's administrative regulations do not provide the source of an implied cause of action for damages against a local government. Rather, would-be plaintiffs must look to the statute to determine whether an express or implied cause of action is permitted." Because nothing in the statute under which the Indiana Jail Standards were promulgated suggested that the legislature intended to give inmates a private cause of action for damages, "the court sees no basis for implying one." *Id.*, citing *Coons v. Kaiser*, 567 N.E.2d 851, 852 (Ind. App. 1991);

---

[1]At this time, there are ten active district judges and three senior district judges in Indiana. If the Indiana Supreme Court accepted only one certified question per judge per year, the result would be a noticeable increase in the state court's opinion-writing workload.

see also *Blanck v. Indiana Dept. of Corrections*, 829 N.E.2d 505, 510 (Ind. 2005) (Indiana legislature did not bestow a private right of action on inmates seeking to challenge prison's disciplinary decisions); *Kimrey v. Donahue*, 861 N.E.2d 379, 382 (Ind. App. 2007) (applying *Blanck* analysis broadly to review complaints brought by inmates seeking to enforce asserted statutory rights, and finding that state trial courts lack subject matter jurisdiction over inmates' complaints unless an explicit private right of action is afforded by statute or an allegation is made that constitutional rights are being violated).

The plaintiffs attempt to distinguish the merits of their case from the merits of *Malone* and *Blanck*, suggesting that those cases and others of their ilk deal with the *decisions* made by correctional authorities, whereas these plaintiffs contend they challenge the *rules* under which the correctional authorities made their decisions. Pl. Reply. 2-3. They also argue that the correctional decisions challenged in the cases referenced by the defendants were grievable, whereas the rules they challenge, namely, CCA's grievance and mail policies, are not grievable. Pl. Reply 3-4. Finally, they argue that because they are not able to bring grievances concerning the grievance and mail policies, and because their lawsuit is brought against a private jailor and not a governmental entity, the defendants' reliance on a "theory" of no "private cause of action" is inapplicable to this case. Pl. Reply 3-4.

In essence, the plaintiffs contend that the cases cited by defendants are "easily distinguishable." Pl. Reply 6. However, the merits of the plaintiffs' case, and whether or not the cases cited by defendants are readily distinguishable, are not the issues at hand. The plaintiffs have moved to certify questions to the Indiana Supreme Court, and the most important factor the court must consider is the certainty of the applicable state law. Pl. Br. 3, citing *Pate*, 275 F.3d at 671. There is no readily apparent split among the Indiana courts or other courts applying Indiana law in review of allegedly illegal prison policies. Although plaintiffs clearly disagree with that law, their disagreement does not create the level of uncertainty suggesting that the court should take the unusual step of certifying the plaintiffs' questions to the Indiana Supreme Court.

It is possible, of course, that this court and others have not correctly predicted how the Indiana Supreme Court would resolve these issues.[2] As the Seventh Circuit has explained, though, "at some level there is uncertainty in every application of state law. There is always a chance that a state supreme court, if it had the same case before it, might decide the case differently. This ever-present possibility is not sufficient to warrant certification." *Pate*, 275 F.3d at 672. This premise is illustrated well by this case. To the extent that there are issues to be resolved on the merits regarding the legality of the CCA's policies under the

---

[2] For a pointed example, see *Schmitt v. American Family Mutual Ins. Co.*, 187 F.R.D. 568 (S.D. Ind. 1999), addressing an Indiana law issue in which five federal judges (two district judges and a unanimous panel of the Seventh Circuit) had agreed on one view, and the five justices of the Indiana Supreme Court reached the opposite result a few weeks later.

Indiana Administrative Code, those are issues for this court to resolve at the appropriate stages of this proceeding. (Recall that plaintiffs chose to file this action in federal court.) In the meantime, the plaintiffs have failed to show a degree of uncertainty sufficient to warrant certification. The mere possibility that the state supreme court might decide differently does not warrant certification.

*Other Certification Factors*

The plaintiffs also argue that their questions are not fact-specific and that authoritative answers will have a broad significance. They state that "the 'facts' needed to answer these questions are the CCA and the Sheriff's rules regarding handling grievances and the mail. No other facts are needed." Pl. Reply 6. The argument misses the point. The issue pertinent to certification is the specificity of the facts, not the amount or number of facts required.[3] Regardless of how many facts the plaintiffs will present, the questions they seek to have certified are based on two specific internal policies governing one jail facility and are limited to the discrete facts of this case. In support of their argument that these questions will have broad significance, the plaintiffs offer only the general assertion that "correctional facilities are being increasingly the subjects of

---

[3]In any case the plaintiffs' position that a simple one-to-one comparison is all that will be required is belied by the plaintiffs' suggestion at another point in their brief that the discovery they will require will include all inmates who have been housed in Jail # 2. Pl. Reply 4 ("Indeed, Plaintiffs believe the evidence obtained during discovery will overwhelmingly demonstrate that few if any inmates at Jail # 2 have ever been able to successfully complete the informal resolution-grievance process set up by CCA so as to not be faced with inevitable exhaustion arguments by CCA's attorneys.").

privatization. Almost all of these private correctional companies are from outside Indiana and arrive with rules in place that do not necessarily comply with Indiana law." Pl. Reply 6. This unsupported and general observation is not sufficient to show that the specific questions the plaintiffs present will have broad significance beyond the instant matter.

*Conclusion*

For the foregoing reasons, the plaintiffs' motion to certify questions for the Indiana Supreme Court is denied.

So ordered.

Date: October 17, 2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

William A. Hahn
BARNES & THORNBURG LLP
william.hahn@btlaw.com,angela.woodall@btlaw.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com,johnsonas@uindy.edu,ecf.alenkowsky@gmail.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

-9-

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com