UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN KRESS and RANDY CARR, on their own behalf and on behalf of a class of those similarly situated, and BILLY FORD, on his own behalf.<br>      Plaintiffs,<br><br>vs.<br><br>CCA OF TENNESSEE, LLC d/b/a CORRECTIONS CORPORATION OF AMERICA, WARDEN JEFF CONWAY, NEIL PROBST, TIMOTHY LITTLE, VIRGINIA LEE and MARION COUNTY SHERIFF FRANK ANDERSON,<br>      Defendants. | 1:08-cv-00431-LJM-DML |

## **ORDER ON PLAINTIFFS' MOTION FOR THE ENTRY OF AN INJUNCTION**

This matter comes before the Court on plaintiffs', Alan Kress ("Kress"), Billy Ford ("Ford"), Eric Staggs ("Staggs")[1] and Randy Carr ("Carr") (collectively, the "Plaintiffs"), Motion for the Entry of an Injunction on the Issue of Grievances and to Set Dates Regarding the Filing of a Fee Petition (the "Plaintiffs' Motion"). Dkt. No. 92.

### **I. BACKGROUND**

Plaintiffs filed their Amended Complaint against defendants, CCA of Tennessee, LLC d/b/a Corrections Corporation of America, Warden Jeff Conway, Neil Probst, Timothy Little, Virginia Lee, and Marion County Sheriff Frank Anderson (collectively, the "Defendants") on April 28, 2010. Dkt. No. 17. On May 22, 2008, Defendants filed their

---

[1] The Court notes that Staggs is no longer a plaintiff in this action.

Answer and Affirmative Defenses to Plaintiffs' Amended Complaint. Dkt. No. 28. On February 2, 2009, the Court considered both parties' proposed Case Management Plans and ordered the parties to brief the issue of whether Plaintiffs exhausted their available administrative remedies. Dkt. No. 57. Once the parties briefed the issue of exhaustion, the Court set the issue for an evidentiary hearing. Dkt. No. 73 (the "Scheduling Order").

On March 18, 2010, the Court held an evidentiary hearing to determine whether Plaintiffs exhausted their administrative remedies before filing the underlying lawsuit in this Court, as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Court's Scheduling Order explained to the parties that the purpose of the hearing was "not to determine whether the Defendants' grievance policy complies with Indiana law[;]" rather, the sole purpose of the hearing was to "consider evidence and argument[s] relating to the narrow questions of whether Plaintiffs' exhausted their administrative remedies, and whether, if they failed to so exhaust, their failure was innocent." Scheduling Order at 1-2.

The hearing was held according to the procedures prescribed by the Seventh Circuit in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Exhaustion of administrative remedies is an affirmative defense, and, accordingly, the Defendants bore the burden of proof at the hearing. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008). Following the hearing, the Court issued a Memorandum Opinion & Order on Defendants' Affirmative Defense (the "Court's Order"), ruling that Defendants did not meet their burden of proof to establish both 1) that administrative remedies were available to plaintiffs Kress, Ford, Staggs, and Carr,

2

and 2) that these plaintiffs failed to exhaust their administrative remedies. Court's Order at 8-11.

Following the Court's ruling on the issue of exhaustion, Plaintiffs filed the pending Motion. Dkt. No. 92. The Defendants raise a number of issues in response to Plaintiffs' Motion. However, the Court need consider just one, namely, whether Plaintiffs have satisfied their burden of proof to obtain the requested injunctive relief. The Court has considered the parties' arguments and now rules as follows.

## II. STANDARD

"Before a court may award permanent injunctive relief, a party must demonstrate (1) it has succeeded on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonprevailing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest." *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1081 (7th Cir. 1998).

## III. DISCUSSION

### A. SUCCESS ON THE MERITS

The Plaintiffs do not make any argument supporting their Motion for Injunctive Relief. Nor do Plaintiffs articulate or attempt to prove the elements necessary to support an injunction. Rather, they merely assert that the "Court entered an order finding that the grievance process was *not available* to Plaintiffs Alan Kress, Billy Ford, Eric Staggs and

Randy Carr [and as a result] the Plaintiffs are entitled to an injunction as to the issue of grievances. . . ." Plaintiffs' Motion at ¶¶ 3-4 (emphasis in original). In short, the Plaintiffs rely solely on the Court's Order as a basis for an injunction.

As previously stated, the Court's Scheduling Order explained to the parties that the purpose of the *Pavey* hearing was "not to determine whether the Defendants' grievance policy complies with Indiana law[;]" rather, the sole purpose of the hearing was to "consider evidence and argument[s] relating to the narrow questions of whether Plaintiffs' exhausted their administrative remedies, and whether, if they failed to so exhaust, their failure was innocent." Scheduling Order at 1-2. After considering the evidence, the Court found that the Defendants did not prove that plaintiffs Kress, Ford, Staggs, and Carr failed to exhaust available, administrative remedies. *See* Court's Order. Contrary to Plaintiffs' assertion, the Court did not conclude that Plaintiffs met their burden of proof on any claim in their Amended Complaint. *Pavey*, 544 F.3d at 742 ("[A]ny finding that the judge makes, relating to exhaustion, that might affect the merits may be reexamined by the jury if - and only after - the prisoner overcomes the exhaustion defense and the case proceeds to the merits."). Accordingly, Plaintiffs' reliance on the Court's Order is misplaced because the Court's Order only resolved the issue of whether Plaintiffs' exhausted all available administrative remedies - an affirmative defense - and did not resolve any of Plaintiffs' claims on the merits. At this stage, Plaintiffs have not succeeded on the merits of any of their claims and, therefore, have not shown the first element necessary for an award of injunctive relief.

Furthermore, Plaintiffs also fail to demonstrate any of the other elements required for an award of injunctive relief. Because the Plaintiffs rely solely on the Court's Order, the only information which could support an award of injunctive relief must be found therein.

No statement in the Court's Order indicates that Plaintiffs will suffer irreparable harm absent an injunction, that an injunction will not harm the public interest, or that no adequate remedy at law exists. Accordingly, Plaintiffs have not shown that they are entitled to injunctive relief as to any claim against Defendants.

### B. PLAINTIFFS' CLAIMS UNDER THE PLRA AND INDIANA JAIL STANDARDS

"Jurisdiction is the power to declare law, and without it the federal courts cannot proceed." *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) (internal quotation marks and citations omitted). "Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must. *Hay v. Indiana State Bd. Of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

Defendants argue in their response to Plaintiffs' Motion that neither the PLRA nor the grievance requirements in the Indiana Jail Standards (the "Standards"), found at 210 Ind. Admin. Code § 3-1-15(h), confer a private right of action on inmates. *See* Defs. Resp. at 2-7; *see also Tyson v. Grant County Sheriff*, No. 1:07-CV-0010, 2007 WL 1395563, at *8-11 (N.D. Ind. May 9, 2007) (Lozano, J.) (concluding that the Court lacked subject matter jurisdiction over plaintiff's claim arising from an alleged violation of certain statutes and regulations where no private cause of action existed under the statutes and regulations cited by plaintiff).

The PLRA explicitly prohibits a private right of action: "The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title." 42 U.S.C § 1997e(b). Accordingly, there is no need to belabor this issue, and the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' claim that the Defendants violated the PLRA.

Next, with respect to the Standards, "as a general rule, a state's administrative regulations do not provide the source of an implied cause of action for damages against a local government. Rather, would-be plaintiffs must look to the statute to determine whether an express or implied cause of action is permitted." *Malone v. Becher*, No. NA 01-101-C H/H, 2003 WL 22080737, at *20 (S.D. Ind. Aug. 29, 2003) (Hamilton, J.); *see also generally Tyson v. Grant County Sheriff*, No. 1:07-CV-0010, 2007 WL 1395563, at *8-11 (N.D. Ind. May 9, 2007) (Lozano, J.). In Indiana, "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *Coons v. Kaiser*, 567 N.E.2d 851, 852 (Ind. App. 1991). Stated otherwise, "when a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." *National R.R. Passenger Corp. V. National Ass'n of R.R. Passengers*, 414 U.S. 453, 459 (1974).

The courts in *Malone* and *Tyson* analyzed the Standards and the statute under which the Standards were promulgated and found that Indiana's General Assembly provided a remedy for a violation of the Standards - but not a private right of action for inmates. *Malone*, 2003 WL 22080737, at *19-20; *Tyson*, 2007 WL 1395563, at *8-11. Specifically, the remedy provided by Indiana's General Assembly is that "the sheriff [may] bring an action in the circuit court . . . for appropriate mandatory or injunctive relief[,]" after the Department of Correction investigates and notifies the jail of the violation. Ind. Code § 11-12-4-2. The Court agrees with the *Malone* and *Tyson* courts that the Indiana General Assembly contemplated a specific remedy for potential violations of the Standards and did not intend to provide inmates with a private right of action to enforce the grievance process requirement in the Standards. *Cf. Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 510 (Ind.

6

2005) ("[N]one of [Indiana's] prison discipline statutes cited confer subject matter jurisdiction over claims challenging . . . prison disciplinary actions."); *Kimrey v. Donahue*, 861 N.E.2d 379, 382 (Ind. App. 2007) (applying the Indiana Supreme Court's decision in *Blanck* broadly to other claims under the Indiana Jail Standards).

The Plaintiffs argue that the Defendants' grievance process should not be above judicial review or Defendants "will have carte blanche to simply deny access to their grievance process." Plaintiffs' Reply at 6. Plaintiffs' fear is unwarranted because if a jail does not make a grievance process available to inmates, the PLRA's exhaustion requirement would be satisfied and litigation on the merits could proceed. *See Pavey*, 544 F.3d at 742. That is exactly what happened in this case.

Accordingly, since no private cause of action exists under either the PLRA or the Indiana Jail Standards, this Court lacks subject matter jurisdiction to further consider the Plaintiffs' claims that Defendants violated those laws.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for the Entry of an Injunction on the Issue of Grievances and to set Dates Regarding the Filing of a Fee Petition (Dkt. No. 92) is **DENIED**. In addition, Counts Five, Six, and Fifteen of Plaintiffs' Amended Complaint, alleging that Defendants violated the grievance processes in the PLRA and Indiana Jail Standards, are **DISMISSED**.

IT IS SO ORDERED this 16th day of November, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

William A. Hahn  
BARNES & THORNBURG LLP  
william.hahn@btlaw.com

Jennifer Lynn Haley  
CITY OF INDIANAPOLIS, CORPORATION COUNSEL  
jhaley@indy.gov

Adam Lenkowsky  
ROBERTS & BISHOP  
alenkowsky@roberts-bishop.com

Paul K. Ogden  
ROBERTS & BISHOP  
pogden@roberts-bishop.com

Anthony W. Overholt  
FROST BROWN TODD LLC  
aoverholt@fbtlaw.com

Kenneth T. Roberts  
ROBERTS & BISHOP  
ktrjustice@aol.com

Tasha Rebecca Roberts  
ROBERTS AND BISHOP  
troberts@roberts-bishop.com

Michael Rosiello  
BARNES & THORNBURG LLP  
mike.rosiello@btlaw.com

Marc Pe-Caine Sultzer  
OFFICE OF CORPORATION COUNSEL  
msultzer@indygov.org