UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALAN KRESS and RANDY CARR, on their own behalf and on behalf of a class of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. 1:08-cv-00431-LJM-DML |
| CCA OF TENNESSEE, LLC, MARION COUNTY SHERIFF FRANK ANDERSON, VIRGINIA LEE, TIMOTHY LITTLE, JEFF CONWAY, and NEIL PROBST, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER OF CLASS CERTIFICATION AS TO FACILITY-WIDE ORDER TO ELIMINATE THIRD PILL CALL ROUND**

Pending before the Court is plaintiffs', Alan Kress and Randy Carr on behalf of themselves and others similarly situated (collectively, "Plaintiffs"), Motion for Reconsideration on Order of Class Certification as to Facility-Wide Order to Eliminate Third Pill Call Round (Dkt. No. 113) ("Motion to Reconsider"). The Court has considered the parties' arguments and, for the reasons set forth below, Plaintiffs' Motion to Reconsider (Dkt. No. 113) is **DENIED**.

**I. BACKGROUND**

Defendant CCA of Tennessee, LLC ("CCA") is a private company specializing in running correctional facilities under contract with local law enforcement agencies. Dkt. No. 111 at 1. CCA operates Marion County Jail II ("Jail II") under contract with the Marion

County Sheriff's Department ("Marion County"). *Id.* Defendants Virginia Lee, Timothy Little ("Mr. Little"), Jeff Conway, and Neil Probst ("Dr. Probst") (collectively, "Employee Defendants") are employees of CCA who work at Jail II.[1] *Id.* at 2. For ease of discussion, CCA, Marion County, and the Employee Defendants will be referred to collectively as "Defendants." Plaintiffs are former inmates at Jail II.[2] *Id.* at 3.

In their Complaint, Plaintiffs allege that Defendants committed a number of violations of state and federal law in the operation of Jail II. *Id.* at 2. In April 2008, Plaintiffs filed a motion seeking to serve as representatives for a class defined as "any and all persons currently, or who will be in the future, confined in the Jail #2 facility." *Id.* at 3. In a November 29, 2010 Order ("Certification Order"), the Court certified Plaintiffs' requested class for Plaintiffs' allegations of unsafe prison conditions, violations of the Health Insurance Portability and Accountability Act ("HIPAA") during the intake process, and improper financial incentives for CCA administrators. *See generally id.* at 11–12, 15. The Court denied class certification on Plaintiffs' remaining allegations and, because Plaintiffs' transfer from Jail II rendered their individual claims moot, dismissed the remaining counts of the Complaint in their entirety. *Id.* at 9–11, 15.

---

[1] In their Reply, Plaintiffs request that the Court impose sanctions on Defendants because "Dr. Neil Probst and Administrator Timothy Little perjured themselves when asked about the elimination of [the] pill call round in depositions." Dkt. No. 115 at 1. Although the Court takes perjury seriously and has the power to sanction a party who commits perjury—*see Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008)—the Court concludes that neither Dr. Probst nor Mr. Little perjured himself. Dr. Probst's deposition testimony—given in *Ellis v. CCA of Tennessee, LLC*, No. 1:08-CV-254 (S.D. Ind. filed Feb. 26, 2008)—that the third pill call had not been eliminated is consistent with his statement at a hearing in this case that not all inmates had their prescriptions reduced from three to two times per day. *Compare* Dkt. No. 107-3 at 4, *with* Dkt. No. 115-1 at 2–3. Mr. Little's testimony that the third pill call was not eliminated completely is also consistent. *See* Dkt. No. 2–3. In short, the Court concludes that Dr. Probst and Mr. Little did not commit perjury and, therefore, no sanction is appropriate.

[2] On August 5, 2007, Plaintiff Carr was transferred from Jail II. Dkt. No. 111 at 3. Plaintiff Kress was transferred from Jail II fourteen days later. *Id.*

On December 10, 2010, Plaintiffs filed the present Motion to Reconsider asking the Court to reconsider its decision to deny class certification and dismiss Counts One, Two, and Thirteen of the Complaint (the "Medical Care Counts"). *See generally* Dkt. No. 113. In the Medical Care Counts, Plaintiffs alleged that Defendants' decision to eliminate a third round of pill call in Jail II violated inmates' constitutional rights under the Eighth and Fourteenth Amendments, as well as Title 210, Section 3-1-11 of the Indiana Administrative Code.³ Dkt. No. 17 ¶¶ 84–85, 98. Plaintiffs do not challenge any other parts of the Certification Order.

The Court adds additional facts as necessary below.

## II.  STANDARD

Rule 54(b) provides that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liability.

FED. R. CIV. P. 54(b). Plaintiffs have asked the Court to reconsider aspects of a pre-judgment interlocutory decision. Such decisions may be reconsidered at any time. *See In re 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987); *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986). Under the "law of the case" doctrine, the Court may refuse to consider that which has already been decided. *See Cameo*

---

³ For purposes of a § 1983 suit, violations of the Indiana Administrative Code are examined under the federal constitutional framework. *See Estate of Clark v. Harris*, No. 2:03-CV-215, 2004 WL 2538644, at *3 (S.D. Ind. Oct. 19, 2004) (McKinney, C.J.); *see also Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1349 (7th Cir. 1985); *Noland v. Wheatley*, 835 F. Supp. 476, 486 (N.D. Ind. 1993).

*Convalescent Ctr.*, 800 F.2d at 110. However, the Court has "the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal." *Id.* A motion to reconsider must be based on the need "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

### III. DISCUSSION

In the Certification Order, the Court denied class certification for the Medical Care Counts, concluding that the allegations underlying the Medical Care Counts failed to meet the typicality requirement necessary for class certification under Federal Rule of Civil Procedure 23 ("Rule 23"). Dkt. No. 111 at 9. The Court stated:

> Claims of inadequate medical care by their nature require individual determinations, as the level of medical care required to comport with constitutional and statutory standards will vary depending on each inmate's circumstances, such as preexisting medical conditions. In examining prisoner claims regarding medical care, other courts have reached similar conclusions. *See, e.g., Orr* [*v. Elyea*, No. 08-CV-2232], 2009 WL 3837553, at *5 [(C.D. Ill. Nov. 16, 2009)] (concluding that claims of inadequate hepatitis treatment lacked typicality); *Smith v. Sheriff of Cook Cnty.*, No. 07-C-3659, 2008 WL 1995059, at *2–*3 (N.D. Ill. May 6, 2008) (same for claims of inadequate dental care). The Court concludes that Plaintiffs have not shown the requisite typicality of the Medical Care Counts.

*Id.* In their Motion to Reconsider, Plaintiffs contend that because the Medical Care Counts involve a facility-wide policy of eliminating the third pill call, all members of the class

4

suffered the same violation and the named Plaintiffs' claims are typical. Dkt. No. 113 at 1. Plaintiffs allege that cost cutting, rather than individual patient welfare, drove the decision to eliminate the third pill call. *Id.* at 2–3. Because individual circumstances were not taken into account in eliminating the third pill call, Plaintiffs argue, individual determinations will be unnecessary to adjudicate the claims. *Id.* at 4.

Plaintiffs' argument fails to appreciate the nature of the legal claims underlying the Medical Care Counts. As one court has said, typicality under Rule 23 is destroyed when "[t]here is a strong likelihood that each Plaintiff's case would necessarily be different." *Orr v. Elyea*, No. 08-CV-2232, 2009 WL 3837553, at *5 (C.D. Ill. Nov. 16, 2009). Under the Eighth and Fourteenth Amendments, inadequate medical care of prisoners is a violation when prison officials display "deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Even assuming that elimination of the third pill call caused some injury to members of the requested class, whether the injury constitutes "deliberate indifference" is an individualized inquiry that requires an examination of the medical needs[4] of each prisoner and determine whether the elimination of the third pill call compromised a "serious medical need" of that prisoner. *Accord. id.* These necessary and individualized inquiries defeat typicality for Rule 23 purposes, and the Medical Care Counts are, therefore, inappropriate for class certification.[5] *See Orr*, 2009 WL 3837553, at *5. Plaintiffs have not

---

[4] Issues relevant to this examination would include the type and dosage of medication at issue, the prisoner's overall health condition, possible efforts to adjust medication at other pill call opportunities, and other individual inquiries.

[5] In contrast, Plaintiffs' allegations that Jail II's intake policy violates HIPAA's privacy provisions provide an example of a policy that leads to typical claims. *See* Dkt. No. 111 at 11–12. If the policy at issue is proven, the resulting HIPAA violations occur for all prisoners subjected to the policy—their private

shown a "manifest error" in the Certification Order, and, therefore, their Motion to Reconsider must be **DENIED**. See *Oto*, 224 F.3d at 606.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to Reconsider (Dkt. No. 113) is **DENIED**.

IT IS SO ORDERED this 25th day of January 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

---

medical information is illegally made public. The individual contents of that medical information are irrelevant.

6

Distribute to:

William A. Hahn
BARNES & THORNBURG LLP
william.hahn@btlaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS,
CORPORATION COUNSEL
jhaley@indy.gov

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com

Marc Pe-Caine Sultzer
OFFICE OF CORPORATION
COUNSEL
msultzer@indygov.org