UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALAN KRESS and RANDY CARR, on their own behalf and on behalf of a class of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | NO. 1:08-cv-00431-LJM-DML |
| CCA OF TENNESSEE, LLC, MARION COUNTY SHERIFF FRANK ANDERSON, VIRGINIA LEE, TIMOTHY LITTLE, JEFF CONWAY, and NEIL PROBST, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFFS' MOTION TO AMEND JUDGMENT AND PETITION FOR ATTORNEYS' FEES

Pending before the Court is class plaintiffs', Alan Kress and Randy Carr, on their own behalf and on behalf of a class of those similarly situated (collectively, "Plaintiffs"), Motion to Amend Judgment and Petition for Attorneys' Fees ("Motion to Amend") [Dkt. No. 134]. Pursuant to Federal Rule of Civil Procedure 59 ("Rule 59"), Plaintiffs move for amendment of this Court's April 13, 2011 Order ("SJ Order") granting summary judgment in favor of defendants, CCA of Tennessee, LLC ("CCA"); Marion County Sheriff Frank Anderson; Virginia Lee; Timothy Little; Jeff Conway; and Neil Probst (collectively, "Defendants"). The Court has considered the parties' arguments and **DENIES** Plaintiffs' Motion to Amend [Dkt. No. 134].

## I. BACKGROUND

Plaintiffs filed suit on behalf of persons incarcerated at Marion County Jail II ("Jail II"), seeking declaratory and injunctive relief against Defendants for unacceptable jail conditions and practices. Dkt. No. 1. Plaintiffs were permitted to serve as class representatives for claims as to unsafe jail conditions, privacy violations during Jail II's intake processes, and incentives being paid to Jail II administrators. *See generally* dkt. no. 111. On April 13, 2011, following more than three years of litigation and extensive briefing, the Court issued the SJ Order. *See generally* dkt. no. 132. In granting summary judgment in favor of Defendants, the Court concluded that Plaintiffs had not shown that conditions at Jail II violate the Eighth and Fourteenth Amendments of the United States Constitution, that the Indiana Jail Standards do not provide a cause of action against CCA, and that whether an injunction should issue is based on conditions existing at the time summary judgment was filed. *Id.* at 8–9, 11–18.

On May 11, 2011, Plaintiffs filed the present Motion to Amend. *See* dkt. no. 134. In their Motion to Amend, Plaintiffs contend that the Court applied incorrect standards in the SJ Order and request the Court amend the SJ Order to deny summary judgment to Defendants. *Id.* at 3. Plaintiffs also request the Court award them attorneys' fees. *Id.*

The Court includes additional facts below as necessary.

## II. LEGAL STANDARD

In order to prevail on a Rule 59 motion, Plaintiffs must "clearly establish": (1) that there has been a manifest error in law or fact; or (2) that newly discovered evidence

precludes entry of judgment. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001) (abrogated on other grounds)). Rule 59 motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Instead, such motions are "valuable" when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

### III.  DISCUSSION

#### A.  RECONSIDERATION OF PREVIOUS ORDER

Plaintiffs contend that the Court ignored key precedent in reaching its conclusions in the SJ Order. Plaintiffs focus on three issues in this regard. They argue that the Court misapplied standard for an injunction under the Prison Litigation Reform Act ("PLRA") as discussed in *Austin v. Wilkinson*, 372 F.3d 346, 349 (6th Cir. 2004). Dkt. No. 135 at 2–3. Next, they contend that the Court ignored the necessity for an articulation of "legitimate and nonpunitive goals" of the conditions of confinement, in violation of *Antonelli v. Sheahan*, 81 F.3d 1422, 1425 (7th Cir. 1996). Dkt. No. 135 at 3–4. Lastly, Plaintiffs argue that CCA, as a private company, is not entitled to be treated as if it were a governmental entity under the

3

"no private cause of action" theory, but they cite no authority bolstering their conclusion. However, as Defendants correctly point out, Plaintiffs made nearly identical arguments in opposition to summary judgment in the first place. *See* dkt. no. 124 at 7–8 (arguing that injunction looks at conditions at the time suit is brought), 10–11 (seeking application of the "legitimate and nonpunitive goals" standard), 14–16 (arguing that CCA, as a private entity, should be subject to injunction for violations of Indiana Jail Standards). The Court carefully considered the relevant case law, including *Austin* and *Antonelli*, in arriving at its conclusions in the SJ Order. Rule 59 motions are not an opportunity to rehash old arguments that were previously presented to the Court, *see Moro*, 91 F.3d at 876, and the Court concludes that there is no reason to revisit the SJ Order based on these arguments.

However, Plaintiffs' argument that the recent Supreme Court decision in *Brown v. Plata*, 131 S.Ct. 1910 (2011), alters the Court's conclusion as to the propriety of injunctive relief deserves closer attention. *See* dkt. no. 138 at 3; *see also generally* dkt. no. 137. Rule 59 motions may be granted when there has been "a controlling or significant change in the . . . law since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191. Plaintiffs contend that *Plata* allows an injunction to issue under PLRA even if remedial measures have been taken by prison officials. However, in reviewing the *Plata* decision, the Court concludes that it does not warrant amendment of the judgment in this case. In *Plata*, it was undisputed that constitutional violations still existed in the prisons at issue even though some remedial measures had been taken. 131 S.Ct. at 1935–36. In addition, the *Plata* trial court took into account "current prison conditions" in issuing its injunction requiring the State of California to remedy the overcrowding, and the Supreme Court approved of this approach. *Id.* at 1935 ("The . . . court properly admitted evidence

4

of current conditions as relevant to the issues before it."); *see also id.* at 1936 ("[T]he record and opinion make clear that the decision . . . was based on current evidence pertaining to ongoing constitutional violations."). Contrary to Plaintiffs' assertion, *Plata* does not stand for the proposition that courts only may take into account conditions existing at the time a lawsuit is filed in determining whether injunctive relief is appropriate. Indeed, *Plata* confirms the PLRA's requirement that injunctive relief be instituted only as "necessary to correct a current and ongoing violation." *Id.* at 1930–31 (citing 18 U.S.C. § 3626). In the present case, no current and ongoing violation existed at the time the injunction would have been entered and, therefore, no injunctive relief was appropriate. *Plata* does not compel the Court to amend the SJ Order.

### B. ATTORNEYS' FEES

In addition to requesting that the Court amend its grant of summary judgment to Defendants, Plaintiffs contend that they are entitled to their attorneys' fees in pursuing this action, either as a prevailing party under 42 U.S.C. § 1988 ("§ 1988") or due to Defendants' "bad faith" in prolonging this case. *See* dkt. no. 135 at 5–8. For the reasons set forth below, however, the Court concludes that Plaintiffs are not entitled to recover attorneys' fees, either under § 1988 or Indiana law.

To recover attorneys' fees under § 1988, Plaintiffs must show that they are the "prevailing party" in the case. 42 U.S.C. § 1988(b). Plaintiffs contend that they are the prevailing party in this suit because the suit "achieve[d] much of [its] goals in getting CCA to change conditions at the jail." Dkt. No. 135 at 6. However, the Supreme Court explicitly

5

rejected the catalyst theory used in Plaintiffs' argument, stating that to be considered a prevailing party, a plaintiff must obtain either an "enforceable judgment on the merits" or a "court-ordered consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change" to allow for the awarding of attorneys' fees under § 1988. *Id.* at 605. In this case, any changes made by Defendants to conditions at Jail II, even if inspired by this lawsuit, did not result from a judgment on the merits or a consent decree. Therefore, Plaintiffs are not entitled to attorneys' fees under § 1988 because they are not the prevailing party.

Alternatively, Plaintiffs contend that they are entitled to attorneys' fees under Indiana law because "CCA's handling of this case appears to exemplify bad faith that crosses the line between zealous advocacy and unwarranted litigation." Dkt. No. 135 at 7. Under Indiana law,

> The court may award attorney's fees as part of the cost to the prevailing party, if the courts finds that either party:
>
> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>
> (3) litigated the action in bad faith.

Ind. Code § 34-52-1-1(b). Although Plaintiffs argue that this provision entitles them to attorneys' fees, the Court concludes that because Plaintiffs are not the prevailing party under Indiana law, they are not entitled to attorneys' fees under this provision either. *See,*

6

*e.g.*, *Geretbauer v. Styers*, 898 N.E.2d 369, 384 (Ind. Ct. App. 2008) (party losing on summary judgment is not "prevailing party" under Ind. Code. § 34-52-1-1). Judgment was granted in favor of Defendants on all of Plaintiffs' claims, and Plaintiffs have not shown that they were the prevailing party in any way.

### IV. CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to Amend [Dkt. No. 134] is **DENIED** in its entirety. The April 13, 2011 Order granting summary judgment to Defendants remains in effect.

IT IS SO ORDERED this 26th day of July 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

William A. Hahn
BARNES & THORNBURG LLP
william.hahn@btlaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS,
CORPORATION COUNSEL
jhaley@indy.gov

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com

Marc Pe-Caine Sultzer
OFFICE OF CORPORATION
COUNSEL
msultzer@indygov.org